David R. Hock
Noelia E. Hurtado
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, NY 10036
(212) 563-4100
dhock@cwsny.com
nhurtado@cwsny.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
                                                                  :
DR. GERALD FINKEL, as Chairman of the Joint                       :
Industry Board of the Electrical Industry,                        :       **COMPLAINT**
                                                                  :
                        Plaintiff,                                :
                                                                  :
            vs.                                                   :       Case No.
                                                                  :
METROPOLITAN CABLE COMMUNICATIONS                                 :
INC. d/b/a METRO CABLE COMMUNICATIONS,                            :
INC.,                                                             :
                                                                  :
                        Defendant.                                :
                                                                  :
----------------------------------------------------------------- x

    Plaintiff Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry (the "Joint Board"), the administrator of the Pension Trust Fund of the Pension, Hospitalization and Benefits Fund of the Electrical Industry (the "Pension Fund"), for his complaint, alleges as follows:

### Introduction

    1.  This is an action by a fiduciary of a pension plan for monetary relief, pursuant to Sections 502, 515 and 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132, 1145, and 1451, to collect withdrawal liability

00431805.4

from Metropolitan Cable Communications Inc. d/b/a Metro Cable Communications, Inc. ("Metro Cable") together with interest, liquidated damages, attorney's fees and costs.

## Jurisdiction and Venue

2. The Court has jurisdiction over this action pursuant to Sections 502(a)(3), 502(e)(1), 502(f), 502(g), 515, and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§1132 (a)(3), 1132(e)(1), 1132(f), 1132(g), 1145, and 1451(a), (b), and (c), and 28 U.S.C. §1331.

3. Venue lies in this district under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), as the Pension Fund is administered in this district.

## The Parties

4. The plaintiff is the Chairman of the Joint Board, the administrator of various employee benefit plans established and maintained pursuant to collective bargaining agreements between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO (the "Union") and employer associations and independent or unaffiliated employers in the electrical, elevator, sign, television, burglar alarm and other related industries. The Joint Board maintains its principal place of business at 158-11 Harry Van Arsdale Jr. Avenue, Flushing, New York 11365.

5. Specifically, the Joint Board is the administrator and fiduciary of the Pension Fund within the meaning of Sections 3(16)(A)(i) and 3(21)(A) of ERISA, 29 U.S.C. §§1002(16)(A)(i) and 1002(21)(A). The Pension Fund is an employee benefit plan, within the meaning of ERISA Section 3(3), 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

6. The Pension Fund is established and maintained pursuant to the Restated and Amended Trust of the Pension, Hospitalization and Benefits Fund of the Electrical Industry (the "Trust Agreement") by the Pension Fund Committee.

7. Pursuant to Sections 502(a)(3), 515, and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3), 1145, and 1451(a)(1), and the Trust Agreement, the Joint Board is authorized to bring this action on behalf of the Pension Fund.

8. Upon information and belief, and at all times relevant to this action, Metro Cable has been a New York business corporation. Metro Cable maintains its principal place of business at 26-58 Borough Place, Woodside, New York 11377.

9. Upon information and belief, at all times relevant to this action, Metro Cable was engaged in the business of installing cable services within the metropolitan New York area. Metro Cable is, and at all times relevant to this action, has been, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

**Factual Basis For Claims**

10. Metro Cable was a party to a series of collective bargaining agreements with the Union pursuant to which Metro Cable was required to and did make contributions to the Pension Fund.

11. By letter dated March 14, 2015, Metro Cable advised the Union that "a mass layoff and/or plant closure of the entire facility . . . will occur beginning on March 18, 2015" and that "a potential sale of the company was unsuccessful and [therefore] further continuation of the business [was] not feasible." (the "March 14 Letter").

12. On or about March 18, 2015, Metro Cable laid off all of its employees represented by the Union, and permanently closed its facility.

13. As a result of laying off all of its covered employees and permanently closing its facility, Metro Cable ceased to have an obligation to contribute to the Pension Fund, thereby effecting a complete withdrawal from the Pension Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. §1383(a).

14. As a result of Metro Cable's complete withdrawal from the Pension Fund, Metro Cable became liable to the Pension Fund for withdrawal liability pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

15. The Pension Fund's actuaries calculated Metro Cable's withdrawal liability to be $5,082,047.00 payable in 140 monthly payments of $51,539.00 and a final installment of $17,442.

16. By letter dated March 23, 2015, the Joint Board notified Metro Cable of the estimated amount of withdrawal liability due and the schedule for withdrawal liability payments (the "Notice and Demand"), which is subject to revision upon receipt of the actuary's final valuation of the Pension Fund as of September 30, 2014. The Joint Board demanded payment beginning May 1, 2015 in accordance with the schedule, as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1). The Notice and Demand also requested, pursuant to Section 4219(a) of ERISA, 29 U.S.C. §1399(a), that Metro Cable provide, within thirty (30) days, information regarding its controlled group, as that term is defined in ERISA Section 4001(b)(1), 29 U.S.C. §1301(b)(1).

17. Pursuant to Section 9.1(H)(iii)-(iv) of the Trust Agreement, the Trustees have the ability to declare a default and demand immediate payment if "it reasonably appears . . . that the Employer has experienced a change in circumstances of a substantial nature from which it can be reasonably anticipated that future installments cannot be paid[.]"

18. On April 7, 2015, the Pension Fund Committee reviewed the information in Metro Cable's March 14 Letter announcing the closing of its facility and advising that continuing in business was not feasible. The Committee declared a default because the cessation

of all business was a change in circumstances of a substantial nature and it anticipated that Metro Cable would be unable to pay its future installments of withdrawal liability.

19. By letter dated April 15, 2015 (the "Notice Declaring Default"), the Joint Board advised Metro Cable of the Pension Fund's decision to declare a default, accelerated the full amount of withdrawal liability due, and demanded payment of the full amount of withdrawal liability by May 5, 2015.

20. By letter dated April 22, 2015, Metro Cable's president Richard Pang responded to the Joint Board's request for information regarding its controlled group by stating "Upon information and belief, the Company is not a part of a 'controlled group.'"

21. Pursuant to Section 4219(c)(5)(B) of ERISA, 29 U.S.C. §1399(c)(5)(B), and as provided in the Notice Declaring Default, Metro Cable was required to pay the full amount of $5,082.047.00 to the Pension Fund on or before May 5, 2015.

22. To date, Metro Cable has not paid the Joint Board any of the withdrawal liability due.

23. Metro Cable failed to request review of the withdrawal liability assessment within ninety (90) days of the Notice and Demand, as required by ERISA Section 4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A), and the Trust Agreement, and failed to initiate arbitration pursuant to ERISA Section 4221(a)(1)(A), 29 U.S.C. §1401(a)(1)(A), and the Trust Agreement.

24. Metro Cable therefore waived the right to contest the withdrawal liability assessment.

### First Claim For Relief

25. Plaintiff repeats and realleges the allegations set forth above.

26. The Notice Declaring Default required Metro Cable to pay the estimated amount of withdrawal liability by May 5, 2015.

27. Metro Cable has failed to make payment of the withdrawal liability and accordingly is in default within the meaning of ERISA Section 4219(c)(5)(b), 29 U.S.C. §1399(c)(5)(b).

28. Section 4301(b) of ERISA, 29 U.S.C. §1451(b), provides that in an action to compel an employer to pay withdrawal liability, the "employer's failure to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution" within the meaning of Section 515 of ERISA, 29 U.S.C. §1145.

29. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

30. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that

> In any action brought by a fiduciary on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan —
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of
>     (i) the interest on the unpaid contributions or;
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20% of the [unpaid contributions],
> (D) reasonable attorney's fees and costs of the action, and
> (E) such other legal or equitable relief as the court deems appropriate . . . .

31. Metro Cable's failure to remit the accelerated lump sum payment constitutes a failure to make withdrawal liability payments under ERISA Section 4301(b) and a

violation of Section 515 of ERISA, 29 U.S.C. §1145, thereby giving rise to an action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

32. As the administrator of the Pension Fund, the Joint Board is entitled to $5,082,047.00, the accelerated lump sum amount of withdrawal liability, plus interest at the rate set forth in Section 6621 of the Internal Revenue Code, 26 U.S.C. §6621, calculated from May 5, 2015, "the due date of the first payment which was not timely made," through the date the liability is paid, plus liquidated damages, and attorneys' fees and costs pursuant to Sections 4219(c)(5)(B), 502(g)(2), and 4301(b) of ERISA, 29 U.S.C. §§1399(c)(5)(B), 1132(g)(2), and 1451(b), and the Trust Agreement.

### **Prayer for Relief**

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that the Court enter judgment against Metro Cable as follows:

1. Ordering Metro Cable to pay the Pension Fund the sum of $5,082,047.00 or such revised amount as calculated by the actuary for withdrawal liability pursuant to ERISA Sections 502(g)(2)(A), and 4301(b), 29 U.S.C. §§1132(g)(2)(A), and 1451(b);

2. Ordering Metro Cable to pay the Pension Fund interest on the withdrawal liability pursuant to ERISA Sections 502(g)(2)(B), and 4301(b), 29 U.S.C. §§1132(g)(2)(B), and 1451(b), and the Pension Fund's Trust Agreement;

3. Ordering Metro Cable to pay the Pension Fund an amount equal to the greater of (a) interest on the withdrawal liability, or (b) an amount equal to twenty percent (20%) of the withdrawal liability pursuant to ERISA Sections 502(g)(2)(C) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C), and 1451(b), and the Trust Agreement;

    4. Ordering Metro Cable to pay reasonable attorney's fees and costs in this action pursuant to Sections 502(g)(2)(D) and 4301(e) of ERISA, 29 U.S.C. §1132(g)(2)(D) and 1451(e);

    5. Ordering Metro Cable to identify all trades or businesses under common control pursuant to Section 4219(a) of ERISA, 29 U.S.C. §1399(a); and

    6. Granting such other and further relief as the Court deems appropriate.

Dated: New York, New York
   July 8, 2015

              /s/ David R. Hock
              David R. Hock
              Noelia E. Hurtado
              COHEN, WEISS AND SIMON LLP
              330 West 42nd Street
              New York, NY 10036-6976
              212-563-4100

              Attorneys for Plaintiff